**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY MAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BRUCE K. BRUNTON,<br>individually and as trustee of the<br>Bruce K. Brunton Revocable<br>Trust dated September 5, 2008,<br><br>　　　　Defendant. | CASE NO. 12cv2860-W (MDD)<br><br>ORDER DENYING<br>DEFENDANT'S MOTION TO<br>REOPEN DISCOVERY<br><br>[ECF NO. 38] |

On December 2, 2013, Defendant filed a motion to reopen discovery so that Defendant could depose Plaintiff and a "newly disclosed" witness. (ECF No. 38).  Plaintiff responded in opposition on December 11, 2013. (ECF No. 41).  The Court finds that Defendant has not presented good cause sufficient for the Court to order discovery to re-open.  Accordingly, Defendant's motion is **DENIED.**

<u>Background</u>

On November 30, 2012, May filed an action against her landlord, Defendant Bruce K. Brunton ("Brunton"), for discrimination and harassment on the basis of sex in violation of the federal Fair Housing Act and related state laws. (ECF No. 1, ¶ 1, 16-35).  On April 11, 2013, after the pleadings were settled and following a case management
- 1 -                                                                        12cv2860-W (MDD)

conference, the Court issued a Scheduling Order governing the progress of this case. (ECF No. 29). Paragraph 3 of the Scheduling Order provides, in part:

> All discovery, including experts, shall be completed by all parties on or before October 28, 2013. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.

(*Id.*).

## Legal Standard

Federal Rule of Civil Procedure 16(b)(4) provides "[a] schedule may be modified only for good cause and with the judge's consent." The Ninth Circuit has held that "Rule 16(b)'s 'good cause standard' primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (internal citations omitted).

## Discussion

In support of his motion, Defendant asserts that he pursued discovery diligently but could not meet the discovery deadline. (ECF No. 38 at 2). Specifically, he states that Plaintiff successfully avoided being deposed in a state court case in which Defendant sued Plaintiff for unlawful detainer and, as a consequence, "caus[ed] a cloud of uncertainty to linger over the overall disputes between the parties (in both cases)." (*Id.*). Defendant also claims that Plaintiff only recently divulged the name of a new witness and Defendant did not have enough time to notice that witness for deposition. (*Id.*).

<u>Newly Disclosed Witness</u>

Regarding the newly disclosed witness, Plaintiff asserts that the witness (Defendant's ex-girlfriend) was identified by Defendant during his deposition on April 16, 2013. Her identity and the nature of the information she possesses are known to Defendant. It appears that on November 11, 2013, Plaintiff amended her disclosures under Fed.R.Civ.P. 26(a) to include the ex-girlfriend as someone who may have discoverable information that Plaintiff may use to support her claims. That supplemental disclosure by Plaintiff, argues Defendant, justifies re-opening discovery so that he may seek to have her deposed.

Fed.R.Civ.P. 26(e) requires a party to supplement disclosures only if the additional or corrective information has not otherwise been made known to the other party during the discovery process. The identity of the newly disclosed witness and the nature of the information that she may possess was disclosed during Defendant's deposition. Accordingly, it was not necessary, although it was good practice, for Plaintiff to supplement her disclosures under Rule 26(a).

That supplemental disclosure does not constitute good cause to re-open discovery even for the limited purpose of obtaining the ex-girlfriend's deposition.

<u>Deposition of Plaintiff</u>

Regarding the deposition of Plaintiff, Plaintiff claims that Defendant did not serve Plaintiff with a notice of deposition until October 28, 2013, the deadline for discovery to close in this case. With regard to the state case, Plaintiff claims that her counsel opposed her deposition in that case as harassing but did offer to submit to a joint deposition covering both cases by letter dated May 27, 2013. Plaintiff also offered herself for deposition in June, 2013. According to Plaintiff,

1 | Defendant did not respond. (ECF No. 41 at 7).

2 | Regardless, Defendant's notice of deposition of Plaintiff, served on October 28, 2013, was not timely. Discovery closed on that day. The Scheduling Order required that the notice be served sufficiently in advance of the close of discovery so that the discovery could be completed. (ECF No. 29 ¶3). It is not relevant that Plaintiff successfully avoided deposition in the unlawful detainer action brought by Defendant against her. If Defendant wanted her deposition in this case, he had ample opportunity to notice it well in advance of the close of discovery. The Court finds that the delay in seeking to obtain Plaintiff's deposition was not justified and reflects a lack of diligence. The Court further finds that Defendant is not significantly prejudiced - he has the right to examine or cross-examine Plaintiff at trial in this case.

## Conclusion

For the foregoing reasons, Defendant's motion to re-open discovery is **DENIED.**

IT IS SO ORDERED.

DATED: December 12, 2013

Hon. Mitchell D. Dembin
U.S. Magistrate Judge